## Commonwealth v. Alessi

*Gwendolyn T. Mosley, deputy attorney general,* for the commonwealth.

*Dennis C. McAndrews,* for petitioners.

WRIGHT, *J.*, June 12, 1987—Petitioner, Cynthia Alessi, by her parents and natural guardians filed a petition requesting a rule to show cause why the commonwealth and the Secretary of the Commonwealth of Pennsylvania, Department of Public Welfare should not be held in contempt for failing to

obey an order of commitment entered by this court on October 28, 1986, pursuant to the Mental Health/Mental Retardation Act. A rule was entered and served on respondents.

After entry of the order of commitment, the commonwealth filed a notice of appeal to the Commonwealth Court. The Commonwealth Court quashed the appeal since the commonwealth had not sought to become a party in the lower court proceedings by intervening pursuant to the Rules of Civil Procedure.

The commonwealth now argues that it cannot be held in contempt because it was not a party. A related issue, not briefed, is whether or not petitioner is required to file a separate mandamus action to obtain relief. We raise this issue sua sponte because the commonwealth is challenging the jurisdiction of this court to hold a person not a party in contempt.

Mandamus is an extraordinary remedy which is available to compel the performance of a ministerial act or mandatory duty where there is a legal right in plaintiff, a corresponding duty in defendant, and a lack of any other adequate, appropriate and specific remedy.

In *Commonwealth v. Mitchell,* 82 Pa. 343, 350 (1876), the court stated:

"It is a well established rule that he who sues for the writ of mandamus, must have some well defined right to enforce, which is specific, complete and legal, and for which there is *no other specific legal remedy,* and the right he claims must be independent of that which he holds in common with the public at large."

The question thus presented is whether the Mental Health and Mental Retardation Act of 1966 and the Mental Health Procedures Act of 1976 is meant to be so comprehensive as to provide specific legal

remedy for the persons denied rights granted by the acts.

We conclude that petitioners have followed the proper procedure and have obtained an order which the commonwealth is obliged to obey. To hold otherwise would make meaningless a procedure designed to make emergency commitments possible.

All orders of commitment carry with them the obligation that the commonwealth comply by accepting the individual for treatment and providing the funds for treatment.

The act and its regulations permit commitment to be made to a designated local facility willing and able to receive the person.

It is understandable given the conduct of the commonwealth in this and other cases that Royer Greaves School wants payment to be resolved prior to accepting Cynthia for placement.

If the Department of Public Welfare does not believe that Royer Greaves School for the Blind is a proper place of commitment it can, pursuant to its regulatory authority, withdraw its certificate as a place of treatment.

The Department of Public Welfare does not challenge that Royer Greaves School is the only appropriate facility equipped to provide treatment for Cynthia Alessi.

If the General Assembly intended otherwise, it would provide that the placement decisions would be made by the Secretary or the administrator. Once placement is made the Secretary or the administrator can, if appropriate, change placement and/or treatment subject to its obligation to provide continuity of care if needed.

There is no requirement that the Department of Public Welfare be made a party to commitment proceedings and no provision that they be excused

from obeying a specific and definite order of which they had actual knowledge.

We recognize there may be situations where enforcement of the order is not appropriate and had cause been shown would have modified or vacated our order. No such cause has been shown. If our order is contrary to any specific provision of the act, the commonwealth has failed to point out such provision.

Those to whom an order is addressed and who know of the existence of the order are just as guilty of contempt for a violation of it as those who have had actual service. The law does not permit one who knowingly acts in contempt to escape liability on a technicality. *Neshaminy Water Resources Authority v. Del-Aware Unlimited, Inc.,* 322 Pa. Super. 461, 481 A.2d 879 (1984).

We view the defense of the commonwealth as a technicality designed to stonewall and frustrate the ability of Cynthia Alessi to receive the services she so desperately needs. Cynthia Alessi is now a victim of what the commonwealth claims is a political question of allocation of funds.

We do not believe the act was intended to require a multiplicity of actions. We believe the Rules of Civil Procedure pertaining to intervention provide adequate protection for the commonwealth and should be availed by the commonwealth if it feels the order entered pursuant to the act is inappropriate or illegal. There was no such showing. We therefore find and conclude that the commonwealth of Pennsylvania, Department of Public Welfare and John F. White Jr., Secretary of the Department of Public Welfare are in contempt of the order of this court.

For these reasons, we enter the following

## ORDER

And now, this June 12, 1987, after hearing on the petition of Cynthia Alessi, it is hereby ordered that the commonwealth of Pennsylvania, Department of Public Welfare and John F. White Jr., Secretary of the Department of Public Welfare are hereby held in contempt of court and they are hereby fined the sum of $150 per day for each day that the contempt continues.

The commonwealth of Pennsylvania, Department of Public Welfare and John F. White Jr., can purge themselves of contempt by complying with the order of court dated October 28, 1986, within 14 days of the date of this order.